# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SONNY MELENDREZ,

    Plaintiff,

vs.                                                    No. CV 19-00236 RB/JHR

NEW MEXICO DISTRICT ATTORNIES OFFICE,
DEPUTY DISTRICT ATTORNEY LESLIE WILLIAMS,
FLOYD D. "TERRY" HAAKE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(A), 28 U.S.C. § 1915(e)(2)(B), and Federal Rule of Civil Procedure 12(b)(6) on the Verified Civil Rights Complaint filed by Plaintiff Sonny Melendrez, on March 18, 2019. (Doc. 1.) The Court dismisses the Complaint based on prosecutorial immunity, failure to state a claim for relief, and the bar of the statute of limitations. The Court also declines to grant leave to amend the Complaint on the grounds that amendment would be futile.

**I.**     **Factual and Procedural Background**

Mr. Sonny Melendrez (Plaintiff) is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (*Id.* at 10.) Plaintiff is proceeding pro se and *in forma pauperis.* He states that he is proceeding under 42 U.S.C. §1983 "to redress the deprivation under color of state law of rights secured by the Constitution of the United States." (*Id.* at 1.) Although he does not identify, by cause number or caption, any state court criminal case, his claims appear to arise out of criminal

1

proceedings in the state courts of New Mexico.[1] He states that "[o]n June 24, 2002, a guilty plea was entered at a hearing in front of the Honorable Jay W. Forbes and on March 18, 2002, I was convicted pursuant to that plea agreement." (*Id.* at 5.) Plaintiff claims that he was sentenced on June 24, 2002, and that the sentence imposed was illegal. (*Id.* at 6.) He also claims a correction was made to the sentence in 2007. (*Id.*)

Plaintiff names as Defendants the New Mexico District Attornies (sic) Office, Deputy District Attorney Leslie Williams, and Floyd D. "Terry" Haake, a prosecutor with the District Attorney's Office. (*Id.* at 1.) Plaintiff contends:

> 27.) Upon information and belief, Defendant's NMDA's Office, Williams and Haake had a duty to ensure that they did their job to the best of their ability while maintaining lawfull conduct
> 28.) Upon information and belief, Defendants NMDA's Office, Williams, and Haake did commit deliberate indifference and negligence resulting in cruel and unusual punishment by making certain charges 'serious violent offenses' (SVO.) The sentence got extended 15 years when in fact they were not SVO charges.
> 29.) Upon information and belief, Defendants NMDA's Office, Williams and Haake's reckless disreguard for established sentencing guidelines violated Plaintiff's constitutional right to a fair trial
> 30.) Upon information and belief, Defendants, NMDA's Office, Williams and Haake consious discsion to ignore the law enabled deliberate indifference and cruel and unusual punishment of Plaintiff, directly and proximately cause the Constitutional deprivation resulting in Plaintiffs mental abuse and psychological problems.

(*Id.* at 7.[2]) Plaintiff seeks relief in the form of a declaratory judgment that Defendants' actions violated his constitutional rights, modification of his sentence, compensatory damages, and injunctive relief. (*Id.* at 8.)

---

[1] Based on his description of the proceedings, Melendrez appears to be alleging claims related to his New Mexico criminal prosecution in *State v. Melendrez*, No. D-502-CR-2001-00306. *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

[2] The Court has retained all spelling and grammatical errors in direct quotations.

## II. Standard for Failure to State a Claim

Plaintiff is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Id.* at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go

beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

**III. Any Claims Against District Attorneys Williams and Haake are Barred by Prosecutorial Immunity.**

It is well settled that the doctrines of judicial and prosecutorial immunity are applicable in actions, such as the case at bar, raising 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway*, 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet*, 806 P.2d 40, 45 (N.M. 1991). Absolute immunity bars all suits for money damages for acts made in the course of judicial proceedings. *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).

The United States Supreme Court has recognized absolute immunity "[f]or officials whose special functions or constitutional status requires complete protection from suit . . . ." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F. Supp. 2d 1064 (D.N.M. 2006); *Johnson v. Lally*, 887 P.2d 1262, 1263 (N.M. Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Collins*, 806 P.2d at 45; *Griffith v. Slinkard*, 44 N.E. 1001, 1002 (Ind. 1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately

4

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Plaintiff asserts both federal civil rights and "negligence" claims. (Doc. 1 at 3.) He alleges that Williams and Haake, acting as prosecutors, brought "serious violent offense" charges against Plaintiff that were subsequently reversed, rendering the plea agreement and sentence "illegal." (*Id.* at 3–7.) He makes no allegation that either Williams or Haake made any statement or engaged in any activity outside the judicial phase of the criminal process. Williams and Haake are entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430. Plaintiff fails to state any claim for relief under either federal or state law against Williams and Haake, and the Court dismisses all claims against them. 28 U.S.C. § 1915A(b).

## IV. The District Attorney's Office is Not A Person for Purposes of § 1983.

The New Mexico District Attorney's Office is a state agency. As such, the claims against it are claims against the State of New Mexico, as are any "official capacity" claims against Williams and Haake. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983.

Section "1983 is a remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989). Therefore, the claims against the New Mexico District Attorney's Office and the official capacity claims against Williams and Haake will be dismissed. *See id.* at 63–64.

## V. Plaintiff's Claims are Barred by the Statute of Limitations.

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Id.* at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Harvey v. United States*, 685 F.3d 939, 949 (10th Cir. 2012).

Section 37-1-8 applies to Plaintiff's § 1983 claims. Based on the allegations of the Complaint, all the events underlying Plaintiff's Complaint took place between 2002 and 2007. (Doc. 1 at 5–8). On the face of the Complaint, all acts and omissions giving rise to his claims occurred more than 11 years prior to the filing of his Complaint. Therefore, the claims are all barred by the three-year statute of limitations. *See Varnell*, 756 F.3d at 1216; *see also Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (case may be dismissed where affirmative defense appears on the face of the complaint); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (same).

## VI. The Court Declines to Grant Leave to Amend.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Because

Plaintiff's claims will still be barred by immunity or the statute of limitations, any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend.

**IT IS ORDERED** that Plaintiff's Verified Civil Rights Complaint (Doc. 1) and all claims and causes of action are **DISMISSED** with prejudice. This Memorandum Opinion and Order has no preclusive effect in Plaintiff's pending habeas corpus proceeding, CV 18-00992 MV/SCY.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE